FILED
2012 Jan-03  AM 11:42
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| **TERRY KELLY** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **Civil Action Number** |
| ) | **1:11-cv-01319–RDP-JEO** |
| **CARTER DAVENPORT; THE** ) | |
| **ATTORNEY GENERAL OF THE** ) | |
| **STATE OF ALABAMA,** ) | |
| ) | |
| Respondents. ) | |

## MEMORANDUM OPINION

Petitioner Terry Kelly filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his convictions for capital murder and first-degree theft of property in the Circuit Court of Madison County. (Doc. #1). In addition, Petitioner has filed both a Motion to Hold Habeas Corpus Petition in Abeyance (Doc. #7), and an Amended Motion to Hold Petitioner's Habeas Corpus Petition in Abeyance (Doc. #9). Petitioner requests that the court hold the instant petition in abeyance until the Circuit Court of Madison County rules on his post-conviction petition pursuant to Alabama Rule of Criminal Procedure 32. (Doc. #9). After initially answering the petition on the merits, Respondents learned of Petitioner's pending Rule 32 petition and filed a Supplemental Answer, asserting that the present habeas petition is due to be dismissed without prejudice to allow Petitioner to exhaust his claims in the state courts. (Doc. #10). Upon consideration, the court finds that Petitioner's requests that this court hold the petition in abeyance (Docs. #7, 9) are due to be denied, and that the petition (Doc. #1) is due to be dismissed without prejudice.

## PROCEDURAL HISTORY

In 2007, a Madison County jury convicted Petitioner of capital murder and first-degree theft of property. (Doc. #8-1 at 1). The Circuit Court of Madison County sentenced Petitioner to imprisonment for life without the possibility of parole on the capital-murder conviction and, as a habitual offender, to serve a consecutive term of 20 years in prison on the first-degree theft of property conviction. (*Id*.). Petitioner moved for a new trial, but the circuit court denied that motion. (*Id*.). On June 15, 2007, Petitioner appealed his convictions to the Alabama Court of Criminal Appeals. (*Id*.).

On June 18, 2008, while his direct appeal was pending in the Alabama Court of Criminal Appeals, Petitioner filed a post-conviction petition under Alabama Rule of Criminal Procedure 32 in the Circuit Court of Madison County. (Doc. #10-1 at 2). On September 3, 2008, the Alabama Court of Criminal Appeals ordered the circuit court to hold the Rule 32 petition in abeyance until the trial court received a certificate of judgment on Petitioner's direct appeal. (*Id*.). The Alabama Court of Criminal Appeals affirmed Petitioner's convictions on October 24, 2008, and denied his application for rehearing on April 24, 2009. (Doc. #8-1). On January 15, 2010, the Alabama Supreme Court issued a certificate of judgment on direct appeal. (Doc. #10-3). As of September 27, 2011, Respondents assert that the Rule 32 petition is still pending in the Circuit Court of Madison County. (Doc. #10 at 3).

## DISCUSSION

The threshold issue to be resolved in federal habeas cases is whether the petitioner has exhausted all available state remedies. The law is well established that an application for writ of habeas corpus will not be considered unless the applicant has exhausted available state court remedies. 28 U.S.C. § 2254(b); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *Georgalis v.*

2

*Dixon*, 776 F.2d 261, 262 (11th Cir. 1985); *Walker v. Zant*, 693 F.2d 1087, 1088 (11th Cir. 1982). The exhaustion requirement is designed "to effect a proper balance between the roles of state and federal judicial institutions in protecting federal rights." *Ogle v. Estelle*, 592 F.2d 1264, 1267 (5th Cir. 1979). As a matter of comity, the rule requires the federal courts to allow the states the initial "opportunity to pass upon and correct errors of federal law in the state prisoner's conviction." *Fay v. Noia*, 372 U.S. 391, 438 (1963). Such a rule furthers the strong federal policy that federal courts should not unduly or prematurely interfere with state court proceedings.

Here, Petitioner has not exhausted his state remedies because the claims in his habeas petition have not been fully and fairly presented to the courts of the state. His Rule 32 is still pending in the circuit court, and, if Petitioner receives an adverse ruling in the circuit court, he then would have the right to appeal the ruling to the Alabama appellate courts. Until Petitioner exhausts his Rule 32 claims in the state courts, this court may not consider his claims. *See* 28 U.S.C. § 2254(b). Therefore, as Respondents correctly argue, the instant petition is due to be dismissed without prejudice to allow Petitioner to exhaust his claims in the courts of the state. After Petitioner has exhausted his claims in the state courts, he may file a new habeas petition. Notably, Petitioner is advised that he has only one (1) year after a final judgment in the state courts to file a habeas petition in this court. *See* 28 U.S.C. § 2244(d).

Lastly, the court finds that holding the petition in abeyance is not warranted because (1) the petition does not contain grounds that have been exhausted in the state court along with grounds that have not been exhausted, *see Rhines v. Weber*, 544 U.S. 269, 275 (2005), and (2) the one-year statute of limitations period for a petition for a writ of habeas corpus under § 2254 has not begun to run because the Rule 32 petition was filed during the pendency of the direct appeal. *See* 28 U.S.C. § 2244(d). Therefore, Petitioner faces no prejudice from a dismissal

3

without prejudice of the instant petition.

## CONCLUSION

In accordance with the foregoing, the Motion to Hold Habeas Corpus Petition in Abeyance (Doc. #7), and the Amended Motion to Hold Petitioner's Habeas Corpus Petition in Abeyance (Doc. #9), are due to be denied, and the petition for a writ of habeas corpus (Doc. #1) is due to be dismissed without prejudice. An appropriate order will be entered.

**DONE** and **ORDERED** this _____3rd_____ day of January, 2012.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE